UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN N. HARAMALIS, Colonel (R), United States Army,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID S. BALDWIN, individually and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. 2:17-cv-498-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

After several months of litigation, the issues in this case have been narrowed down to Plaintiff's section 1983 claim against Defendant David S. Baldwin in his individual capacity. Defendant Baldwin moves to dismiss the claim. For the reasons set forth below, Defendant's motion is GRANTED, with prejudice.[1]

I. BACKGROUND

The alleged facts are familiar to the parties and were previously set forth in this Court's Order Granting Defendants' Motion to Dismiss, ECF No. 62, at 2-3.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 27, 2018.

1

In his Second Amended Complaint ("SAC"), Plaintiff asserts one claim against Defendant David S. Baldwin, in his individual capacity, for a violation of Plaintiff's civil rights under 42 U.S.C. § 1983. SAC ¶ 15. Plaintiff alleges Defendant interfered with and blocked the release of his records from the California National Guard and published an illegal Separation Order that unlawfully transferred Plaintiff to the Individual Ready Reserve. SAC ¶¶ 12, 46. These actions prevented Plaintiff from pursuing post-active duty employment with the National Guard of another state. SAC ¶ 46. The Court already determined that res judicata bars review of claims litigated in Sacramento Superior Court, which includes the alleged interference with the records transfer. Order Granting Defendants' Motion to Dismiss at 6-9. Plaintiff seeks compensatory and consequential damages, plus fees and costs. SAC at 16.

## II. OPINION

Defendant first argues that the Court does not have subject matter jurisdiction over Plaintiff's claim under the Feres doctrine. Feres v. United States, 340 U.S. 135 (1950). While the parties have previously briefed this issue, the Court has not yet decided the doctrine's application to this case because other challenges proved dispositive. See Order Granting Defendants' Motion to Dismiss at 5-6 (explaining that the Court would first analyze the merits of the claims because Plaintiff sought various forms of relief); Order Denying Plaintiff's Motion for Mandamus/Injunctive Relief, ECF No. 36, at 5-6 (finding the Court could not issue a writ of mandate under the California Code of Civil Procedure). Here, however, Plaintiff's claims have

narrowed to a single claim for damages.  The Court agrees with Defendant and holds that the Feres doctrine bars review of this claim.

The Feres doctrine bars actions by members of the armed forces against the government or armed service personnel "for injuries that arise out of or are in the course of activity incident to service." Stauber v. Cline, 837 F.2d 395, 397 (9th Cir. 1988) (citation omitted).  "The doctrine is tantamount to a limitation of subject matter jurisdiction." Id. at 399.  Courts apply the Feres doctrine in cases where two factors are present: "One.  The injured person was a member of the armed forces of the United States at the time the injury was sustained.  Two.  The injury must arise out of or occur in the course of activity incident to military service." Jackson v. Tate, 648 F.3d 729, 733 (9th Cir. 2011) (quoting McGowan v. Scoggins, 890 F.2d 128, 132 (9th Cir. 1989)).

In the Ninth Circuit, the doctrine extends beyond the Federal Tort Claims Act context in which it developed and applies "whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States." Hodge v. Dalton, 107 F.3d 705, 710 (9th Cir. 1997) (internal citation and quotation marks omitted).  It applies to Bivens claims, to section 1983 actions against state officials, to claims involving the state National Guard, and to claims asserted by members of the Reserves. Bowen v. Oistead, 125 F.3d 800, 804 n. 2 (9th Cir. 1997); Jackson v. United States, 110 F.3d 1484, 1487-88 (9th Cir. 1997).

"The [Feres] test has been broadly construed to immunize the United States and members of the military from any suit which may 'intrude in military affairs,' 'second-guess military decisions,' or 'impair military discipline.'" Jackson v. Brigle, 17 F.3d 280, 282 (9th Cir. 1994) (quoting Stauber v. Cline, 837 F.2d 395, 398 (9th Cir. 1988)). In fact, "[i]t has been so broadly construed that practically any suit that implicates military judgments and decisions runs the risk of colliding with Feres." Jackson v. Brigle, 17 F.3d 280, 282 (9th Cir. 1994) (citations and quotation marks omitted). Nevertheless, its application is limited to claims seeking monetary damages. See Wilkins v. United States, 279 F.3d 782, 787-89 (9th Cir. 2002). While certain claims seeking non-monetary relief are excepted from its restrictions—for instance, constitutional challenges seeking to halt or prevent a constitutional violation—that exception does not apply to this case. See id. at 787.

The subject matter of Plaintiff's claim falls squarely within this doctrine. At all stages of the events detailed in the complaint and this lawsuit, Plaintiff has been a member of the military. His allegations involve an action taken by a military officer, a Major General in the California National Guard and the Adjutant General of the California National Guard. Although Plaintiff alleges that Defendant did not have command authority over Plaintiff while Plaintiff was assigned to the National Guard Bureau, see SAC ¶ 2, his characterization of their relationship does not preclude the doctrine's application. See Zaputil v. Cowgill, 335 F.3d 885 (9th Cir. 2003) (applying the doctrine where a state National Guard recalled a member of the

4

United States Reserve); see also Lutz v. Sec'y of Air Force, 944 F.2d 1477, 1480-81 (9th Cir. 1991) ("This circuit has extended the application of Feres to suits between individual members of the military, recognizing an 'intramilitary immunity' from suits based on injuries sustained incident to service."). The crucial facts are that both parties were members of the military and that Defendant executed the allegedly erroneous order incident to Plaintiff's military service.

The Ninth Circuit's analysis in Zaputil v. Cowgill is instructive. 335 F.3d 885 (9th Cir. 2003). There, the Circuit held that the Feres doctrine barred a military reservist "from bringing an action for damages against the military personnel who allegedly wrongly revoked her National Guard discharge and ordered her back to duty." Id. at 886. The fact that the California Air National Guard had called up a member of the United States Air Force Reserve after the service member had been given an honorable discharge from the state unit did not prevent the Feres doctrine's application, whether or not the order was lawful. Because the plaintiff was still in the Reserve when she was recalled to service, the "decisions and orders to recall her into the California Air National Guard necessarily implicate military decisions, affairs and discipline." Id. at 887. The Circuit explained:

> The issue before us is not whether the orders issued to [plaintiff] were lawful, unlawful, or otherwise, and therefore we express no opinion on whether a unit of the Air National Guard may call up a member of the Air Force Reserve. Under the Feres doctrine, military service personnel simply <u>do not enjoy a federal tort remedy for damages caused by even indisputably erroneous military decisions and orders</u>. If an order to a reservist to report for duty is wrongful or

>           invalid, it can be challenged through military
>           channels (as [plaintiff] successfully did), or its
>           invalidity raised as a defense in a court-martial.
>           . . . [F]ederal courts simply do not provide a forum
>           for civil damage claims for such events. Whenever
>           confronted with situations in which a reservist was
>           improperly called into service, or situations in which
>           a discharge or its timing was challenged, courts have
>           consistently held that Feres bars a civilian court
>           from hearing the claim.

Id. at 887 (emphasis added).

The Zaputil court's analysis compels one conclusion here: the Court cannot review the lawfulness of an allegedly unlawful military order where the plaintiff remained a member of the military throughout the alleged events. The order reflects a military personnel decision. An injury stemming from an order affecting Plaintiff's military commission is plainly an injury incident to service and review is therefore barred under Feres.[2]

Plaintiff argues that even if the Court concludes the Feres doctrine applies to his claim, the claim is justiciable under the modified Mindes test. Opp. at 14 (citing Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th Cir. 1985)). Defendant asserts that the Mindes justiciability test applies to claims seeking non-monetary relief. Rep. at 4-5.

Defendant's cited case does not expressly hold that the Mindes test can *only* apply to claims seeking non-monetary relief, though the inference is implied. See Wilkins, 279 F.3d at 788

---

[2] Because the facts yield but one conclusion, the Court finds further analysis under the factors set forth in Johnson unnecessary. See Johnson v. United States, 704 F.2d 1431, 1436 (9th Cir. 1983) (listing factors that courts have considered in determining whether an injury was "incident to service" but cautioning that the factors should not be blindly applied and that courts should consider the facts of each individual case).

6

(declining to extend Feres doctrine to claims for non-monetary relief; explaining that the Ninth Circuit had adopted the Mindes test to determine whether it could consider a constitutional challenge to a particular military decision). Still, the Court agrees with Defendant that the Feres doctrine applies to Plaintiff's claim to the exclusion of the Mindes test. Courts have consistently applied the Feres doctrine, only, to intramilitary claims solely seeking monetary relief. This is precisely the claim alleged in Plaintiff's SAC. See, e.g., Zaputil, 335 F.3d at 886 (9th Cir. 2003) (affirming dismissal of a military reservist's "Complaint for Damages for Violations of Civil Rights" for lack of subject matter jurisdiction under Feres); Bowen, 125 F.3d 800 (extending the Feres bar to Bivens claims against superior officers for damages based on constitutional violations to claims against state militia members under section 1983; holding the Feres doctrine barred review of the plaintiff's tort and constitutional claims against both federal and state defendants); Ford v. Artiga, No. 2:12-CV-02370 KJM-AC, 2013 WL 3941335, at *6 (E.D. Cal. July 30, 2013) (dismissing, for lack of subject matter jurisdiction under Feres, plaintiff's claims for damages based on constitutional violations asserted under section 1983; granting leave to amend to seek non-monetary relief). Furthermore, the case from which the test originates, Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), involved a complaint seeking declaratory and injunctive relief, not monetary damages only as in the case at bar.

The fact that courts treat a Feres challenge as a motion to dismiss for lack of subject matter jurisdiction further supports

the Court's conclusion.  See Jackson v. United States, 110 F.3d 1484, 1486 (9th Cir. 1997) ("A motion to dismiss pursuant to the Feres doctrine, even if raised after the answer to the complaint, should be treated as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)[.]").  It would be inconsistent for the Court to conclude it lacks jurisdiction over Plaintiff's claim and subsequently find the claim justiciable under a separate test.  Neither of Plaintiff's cited cases support a contrary finding.  Khalsa v. Weinberger, 779 F.2d 1393 (9th Cir. 1985) (applying the modified Mindes test to claims challenging certain Army regulations for violations of the APA and Constitution; finding the claims nonreviewable); Wallace v. Chappell, 661 F.2d 729, 733 (9th Cir. 1981), rev'd, 462 U.S. 296 (1983) (holding that the Mindes test is the appropriate test of reviewability of claims for violations of recognized constitutional rights), but see Chappell v. Wallace, 462 U.S. 296, 305 (1983) (reversing the Ninth Circuit's decision insofar as it assumed the Plaintiff could assert a Bivens claim; holding that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations; remanding for further proceedings).

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

IT IS SO ORDERED.

Dated: March 14, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8